Debra **BOGGS**, Individually and on Behalf of All Others Similarly Situated Persons, Plaintiff,

v.

**CHESAPEAKE ENERGY CORPORATION, et al., Defendants.**

Randall Mick, individually and on behalf of all others similarly situated, Plaintiff,

v.

Chesapeake Energy Corporation, et al., Defendants.

William Isaac Bryant Casto, individually and on behalf of all others similarly situated, Plaintiff,

v.

Chesapeake Energy Corporation, et al., Defendants.

Nos. CIV–12–688–M, CIV–12–792–M, CIV–12–810–M.

United States District Court, W.D. Oklahoma.

Dec. 6, 2012.

**622**

Kenyatta R. Bethea, Holloway, Bethea & Osenbaugh, PLLC, Oklahoma City, OK, Edward H. Glenn, Jr., Jacob H. Zamansky, Kevin D. Galbraith, Zamansky & Associates, New York, NY, for Plaintiff, Debra Boggs.

Randall Mick, pro se.

Edward W. Ciolko, Peter A. Muhic, Mark K. Gyandoh, Radnor, PA, Jason E. Roselius, Derrick L. Morton, Nelson, Roselius, Terry & Morton, Edmond, OK, Bradley Earl Beckworth, Nix, Patterson & Roach, LLP, Austin, TX, Michael J. Barry, Grant & Eisenhofer, Wilmington, DE, for Plaintiff, William Isaac Bryant Casto.

Alexander K. Talarides, Kenneth P. Herzinger, Lily I. Becker, Robert P. Varian, Orrick, Herrington & Sutcliffe, San Francisco, CA, Michael F. Lauderdale, McAfee & Taft, Oklahoma City, OK, for Defendants.

### ORDER

VICKI MILES–LaGRANGE, Chief Judge.

Before the Court are plaintiff Debra Boggs' ("Boggs") Motion and Brief for Appointment of Interim Class Counsel Pursuant to Fed.R.Civ.P. 23(g), filed June 25, 2012; plaintiff William Isaac Bryant Casto's ("Casto") Motion for Entry of Pretrial Order No. 1 Consolidating Cases, Appointing Interim Class Counsel, and Establishing Procedures for Consolidation of Future–Filed Cases, Casto's Memorandum of Law in Support of Motion for Entry of [Proposed] Pretrial Order No. 1 Consolidating Cases, Appointing Interim Class Counsel, and Establishing Procedures for Consolidation of Future–Filed Cases, and Declaration of Peter A. Muhic in Support of Plaintiff William Isaac Bryant Casto's Motion for Entry of Pretrial Order No. 1 Consolidating Cases, Appointing Interim Class Counsel, and Establishing Procedures for Consolidation of Future–Filed Cases, all filed August 3, 2012; Defendants' Response to Plaintiff's Motion to Consolidate Cases and for Appointment of Interim Class Counsel, filed August 27, 2012; Boggs' Memorandum of Law in Opposition to Competing Motions for Appointment of Interim Class Counsel, filed September 4, 2012; Casto's Memorandum of Law in Opposition to the Motion by Plaintiff Boggs for Appointment of His Counsel as Interim Lead Class Counsel, filed September 4, 2012; Boggs' Reply Memorandum of Law in Support of Her Motion for Appointment of Interim Class Counsel, filed September 10, 2012; Casto's Reply Memorandum of Law in Further Support of His Motion for Entry of [Proposed] Pretrial Order No. 1 Consolidating Cases, Appointing Interim Class Counsel, and Establishing Procedures for Consolidation of Future–Filed Cases, filed September 10, 2012; Casto's Notice of Supplemental Authority in Further Support of His Motion for Entry of [Proposed] Pretrial Order No. 1 Consolidating Cases, Appointing Interim Class Counsel, and Establishing Procedures for Consolidation of Future–Filed Cases, filed November 14, 2012; and Boggs' Response to Plaintiff Casto's Motion for Leave to File Notice of Supplemental Authority, filed November 16, 2012.[1]

---

1. Plaintiff Randall Mick originally filed a Motion for Entry of [Proposed] Pretrial Order No. 1 Consolidating Cases, Appointing Interim Class

Counsel, and Establishing Procedures for Consolidation of Future–Filed Cases. On September 4,

## I. Introduction

The above-captioned actions (the "ERISA Actions") were filed by employees of defendant Chesapeake Energy Corporation ("Chesapeake") against Chesapeake and related ERISA[2] fiduciaries on behalf of themselves and other similarly situated participants in and beneficiaries of the Chesapeake Energy Corporation Savings and Stock Incentive Bonus Plan ("Plan"). In the ERISA Actions, the various plaintiffs allege that the defendants breached their fiduciary duties under ERISA and certain plaintiffs allege that the defendants concealed material information from the participants of the Plan.

Because the ERISA Actions are based on the same type of facts and contain similar causes of action against overlapping defendants, Casto has moved to consolidate the ERISA Actions. Additionally, Casto and Boggs have moved for the appointment of different interim class counsel for the ERISA Actions.

## II. Discussion

### A. Consolidation of related cases

■ Federal Rule of Civil Procedure 42(a) gives a court broad discretionary authority to consolidate cases. Rule 42(a) provides, in pertinent part: "If actions before the court involve a common question of law or fact, the court may: ... (2) consolidate the actions; ...." Fed.R.Civ.P. 42(a)(2). Having carefully reviewed the Complaints in the ERISA Actions, as well as the parties' submissions, the Court finds that consolidation of the ERISA Actions is appropriate because each of the ERISA Actions arise from similar allegations against similar defendants involving common questions of law and fact.[3] The Court further finds that consolidation of the ERISA Actions achieves convenience and economy in the administration of justice. Additionally, to ensure continued judicial efficiency, the Court finds that any future ERISA actions based on the same or similar facts and circumstances should be consolidated with the consolidated ERISA action.

### B. Appointment of interim class counsel

In her motion, Boggs seeks the appointment of Zamansky & Associates LLC ("Zamansky") as interim class counsel and the appointment of Holloway, Bethea & Osenbaugh as liaison counsel. In his motion, Casto seeks the appointment of Kessler Topaz Meltzer & Check, LLP ("KTMC") as interim lead class counsel, the appointment of Grant & Eisenhofer, P.A. ("G & E") and Nix, Patterson & Roach, LLP ("NPR") as interim class counsel executive committee members, and the appointment of Nelson, Roselius, Terry & Morton ("NRTM") as interim liaison class counsel.

Federal Rule of Civil Procedure 23(g) provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed.R.Civ.P. 23(g)(3). Courts considering motions to appoint interim class counsel generally consider the factors set forth in Rule 23.

In appointing class counsel, the court:

(A) must consider:

(i) the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation, and types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.

Fed.R.Civ.P. 23(g)(1)(A). Additionally, the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed.R.Civ.P. 23(g)(1)(B). Finally, "[i]f more than one adequate applicant seeks appointment, the court must appoint the applicant

2012, plaintiff Mick withdrew his motion, noting his non-opposition to Casto's motion.

**2.** Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*

**3.** The Court would note that no party has objected to consolidating the ERISA Actions.

best able to represent the interests of the class." Fed.R.Civ.P. 23(g)(2).

Having reviewed the parties' submissions, the Court first finds that appointment of an interim class counsel is appropriate in the consolidated ERISA action. Having carefully considered the above criteria, the Court finds that KTMC is best able to represent the interests of the class in the consolidated ERISA action. While both KTMC and Zamansky have done excellent work in identifying and investigating potential claims in their respective ERISA actions and have committed and will commit the resources necessary to represent the class, the Court finds KTMC's experience in ERISA class actions and knowledge of the applicable law exceeds that of Zamansky to such a degree that this Court finds that KTMC should be appointed interim class counsel. Based upon the documents submitted with Casto's motion, as well as the cases cited in Casto's pleadings, the Court finds that KTMC is one of the most experienced ERISA litigation firms in the country, with particular expertise in the area of ERISA breach of fiduciary class actions. Further, KTMC's litigation efforts have resulted in favorable court opinions in a number of ERISA decisions denying motions to dismiss and motions for summary judgment. KTMC has also prevailed in appeals before the First, Third, Sixth, and Ninth Circuits resulting in seminal decisions that have helped shape this relatively new area of ERISA jurisprudence. Moreover, KTMC is one of only a very few firms in the country with trial experience in ERISA "company stock" fiduciary breach class actions. Finally, in addition to its extensive litigation experience, KTMC has also successfully engaged in extensive, intricate and successful settlement negotiations and mediations involving complex legal and factual issues involving ERISA claims, resulting in large recoveries for affected classes.

However, while this Court finds that KTMC, based upon its extensive experience in ERISA class action litigation and vast knowledge of the applicable law, should be appointed interim class counsel, the Court does not find that KTMC's proposed executive committee structure is necessary for the consolidated ERISA action, particularly in light of KTMC's experience, knowledge, and resources, both financial and human. Having reviewed the parties' submissions, the Court finds the use of an executive committee structure would not promote effective management of this consolidated ERISA action but is ripe for wasteful, duplicative work product, excessive billing, and internal conflicts. Accordingly, the Court finds that only an interim class counsel and a local liaison counsel shall be appointed in the consolidated ERISA action.[4]

### III. Conclusion

For the reasons set forth above, the Court DENIES Boggs' Motion for Appointment of Interim Class Counsel Pursuant to Fed.R.Civ.P. 23(g) [docket no. 10 in Case No. CIV–12–688–M] and GRANTS IN PART and DENIES IN PART Casto's Motion for Entry of Pretrial Order No. 1 Consolidating Cases, Appointing Interim Class Counsel, and Establishing Procedures for Consolidation of Future–Filed Cases [docket no. 15 in Case No. CIV–12–810–M] as follows: the Court GRANTS Casto's motion to consolidate and motion to appoint KTMC as interim class counsel and NRTM as interim liaison class counsel and DENIES Casto's motion to appoint G & E and NPR as interim class counsel executive committee members. The Court will issue a separate order consolidating the ERISA Actions and appointing interim class counsel and interim liaison class counsel.

**IT IS SO ORDERED.**

---

4. If circumstances change in the future such that KTMC believes that an executive committee structure is absolutely necessary, KTMC can move the Court to reconsider its decision not to have an executive committee.